## ALEXANDER v CORNELL

Ohio Appeals, 9th Dist, Lorain Co.

No. 886. Decided Nov. 4, 1938

Miss Stephanie J. Skodak, Lorain, for appellant.

Hyman & Hyman, Elyria, for appellee.

## OPINION

By WASHBURN, J.

This is an appeal on questions of law. George Alexander, appellant, was plaintiff in the trial court and will be hereinafter referred to as Alexander. The defendant in the trial court, appellee here, was Edna L. Cornell, wife of C. N.

Cornell, and she will be hereinafter referred to as appellee.

After a jury had returned a verdict in favor of Alexander, the court, on motion of appellee, granted appellee's motion for judgment notwithstanding the verdict, and the claim of Alexander is that he is entitled to have such judgment reversed and judgment upon the verdict in his favor entered in this court.

A reading and consideration of the record leads us to the conclusion that reasonable minds cannot differ as to the following conclusions of fact:

That Alexander loaned to C. M. Cornell and his wife (appellee) the sum of $500, and that only $50 has been paid on the indebtedness;

That appellee signed a note with her husband whereby she became bound as principal to pay the $500 with interest;

That after the note was given, Alexander mislaid it and thought he had lost it; that he thereupon asked the husband for a new note to evidence the indebtedness; and that the husband prepared and signed such a note, and that the appellee also signed the note as a principal;

That none of the indebtedness except said $50 has been paid, and that no claim is made or ever has been made that the indebtedness was not legal or just or that it has been paid.

The record discloses that after the second note had been signed by the appellee, Alexander found the first note (that being the one that had been mislaid).

The conclusion that Alexander is not entitled to a judgment against the appellee for said indebtedness has been reached in two cases brought by him against appellee.

In the first case, he asked for judgment on the original note; and in that suit the appellee denied that she signed that note, alleged that it had been wilfully altered in a material part, and alleged that the second note was accepted by Alexander "in full discharge and satisfaction" of the first note (the one upon which suit had been brought).

In that suit the court found for the appellee.

No appeal was taken from the judgment in that case, and all that we have before us in reference to that case is the petition, the answer, and the journal entry; the entry showing that the cause was tried to that court and that the court found on the issues joined in favor of the appellee and rendered judgment accordingly.

But the testimony of appellee in the instant case discloses that she did sign the note sued upon in that case, and that nothing had been paid on the indebtedness except said $50; and, furthermore, that the court had before it appellee's signature in her verification of the answer for comparison with appellee's signature upon the note—all of which establishes that in that first case the court did not find in favor of the appellee on the issue that she did not sign the note. Therefore, the court must have found in appellee's favor either on the issue as to the alteration of the first note, or on the claim made by appellee in her answer that the second note was accepted by Alexander in full discharge and satisfaction of the first note.

In the second suit (herein under review), which was brought by Alexander against appellee, the petition set forth the first note, and also the second note with an explanation of the circumstances under which it was given, and alleged, as the appellee had alleged in her answer in the first suit, that said second note was accepted in full satisfaction of the first note.

In her answer in the second suit, the appellee denied that she signed the second note, and alleged, directly contrary to her answer in the first suit, that the second note was received by Alexander not in satisfaction of the first note nor as a promise of appellee to pay, but as a mere copy of the first note.

In view of the charge of the court in the second suit, the jury clearly found that appellee signed the first note, that it was accepted by Alexander in discharge of the first note, and that it

was an independent promise to pay said indebtedness, and the jury accordingly returned a verdict for the amount of the indebtedness remaining due.

We are of the opinion that the jury was fully justified in finding, not only that the appellee signed the second note. but that it was received by Alexander in satisfaction of the first note, as the appellee swore it was in her answer in the first suit.

As has been said, the court, in the second suit, rendered final judgment in favor of the appellee notwithstanding the verdict of the jury, on the ground, as we are told, that the jury was not justified in finding that the second note was received in satisfaction of the first note, and because, for aught that appears, the judgment in favor of the appellee in the first case might have been based upon one of the other defenses set up in that case.

The court sensed the injustice of that conclusion, which denied recovery upon an established indebtedness and promise to pay, but felt compelled by the law to reach that conclusion.

Under the circumstances of this case, we do not feel compelled by the law to place our stamp of approval upon the manifest injustice apparent upon the face of the record.

We are of the opinion that if a party gives two notes as evidence of a single indebtedness and in each note affirmatively promises as principal to pay such indebtedness. he is not relieved of liability to pay the indebtedness by a finding of the court that recovery cannot be had on the first note because it was materially altered, or because the second note was accepted in discharge of the first note.

In our opinion, Alexander was entitled as a matter of law to a judgment upon the verdict, and it was error for the court to render judgment in favor of the appellee. Such judgment is reversed, and final judgment upon the verdict in the sum of $643.82, as of January 20, 1938, is entered.

STEVENS, PJ. & DOYLE, J., concur.

## ON APPLICATION FOR REHEARING

No. 886.   Decided Nov. 18, 1938.

By WASHBURN, J.

Defendant (appellee) has made application for a rehearing. With one exception, which will be hereinafter noted, the application does not call our attention to any matters which did not receive careful consideration before we reached a decision in the case, and as to such matters we find nothing in the application to warrant a rehearing.

The exception noted is in reference to the power of this court to render final judgment in favor of the plaintiff (appellant); the claim being that there is a motion for a new trial pending in the Common Pleas Court which has not been disposed of, and that because of §11599, GC, neither the Common Pleas Court nor this court has power to render final judgment until such motion has been disposed of. The case of Benning v Schlemmer, 57 Oh Ap 457, is relied upon for this claim.

As to that matter, the record discloses that on January 20, 1938, the jury returned its verdict in favor of the plaintiff; that on January 22, 1938, a motion, denominated a "motion for judgment notwithstanding the verdict," was filed, and that also on January 22, 1938, a second motion, denominated a "motion for a new trial," was filed by the defendant; but said second motion asked not only "for a new trial" but also "for final judgment in her favor."

The record further discloses that the motion for judgment notwithstanding the verdict was not based upon "the statements in the pleadings," but was based upon "the evidence received upon the trial."

The next day after the motions were filed, the trial court entered upon the journal of the court its judgment, now under review, in the following language:

"The motion of the defendant herein for judgment in her favor notwithstanding the verdict of the jury, came on to be heard, and upon consideration

said motion is granted. It is, therefore, considered by the court that judgment be and the same is hereby rendered in favor of the defendant herein and that the said defendant recover of the plaintiff her costs herein expended. To all of which the plaintiff excepts."

When the verdict in favor of the plaintiff was returned by the jury, the plaintiff was entitled to a judgment upon the verdict if the defendant filed nothing in the case; and after the defendant filed said motions, there being no error shown by the record as to admission or rejection of evidence at the trial, or as to the weight of the evidence as such, the plaintiff was still entitled to a judgment on the verdict if the court found that reasonable minds could reach but one conclusion upon "the evidence received upon the trial": to-wit, that the facts were as found by the jury in their verdict.

In this connection, said §11599, GC, must be considered in connection with §11601, GC, which latter section was so amended as to authorize the trial court to render such a judgment in favor of either party.

By such amendment the legislature enlarged the power of the trial court to render such a judgment, as it had a constitutional right to do, and under the constitution the Court of Appeals is empowered to review the exercise of such power by the trial court.

If the trial judge under that section renders judgment on behalf of the defendant "upon the evidence received upon the trial," and the reviewing court finds that there is no error in the admission or rejection of evidence shown by the record, and that "upon the evidence received upon the trial," or the evidence which should have been received, the trial court could properly reach no conclusion other than that the judgment should have been rendered for the plaintiff instead of for the defendant, the reviewing court, upon a reversal of said judgment, has the power to render final judgment in favor of the party entitled thereto.

In our decision in this case, we found that "upon the evidence at the trial" the only conclusion that reasonable minds could reach was that reached by the jury in the verdict which was returned; and since this application was made we have re-examined the record, which is short, and we are still of that opinion. We have also found in our re-examination of the record that there was no error in the admission or rejection of evidence upon the trial.

The trial court erred in rendering judgment upon "the evidence received upon the trial" in favor of the defendant, when the court should have rendered judgment upon the verdict in favor of the plaintiff, and we therefore render the judgment that should have been rendered as set forth in the opinion heretofore rendered in this case.

This holding is not in conflict with Benning v Schlemmer, supra. A rehearing herein is therefore denied.

STEVENS, PJ. & DOYLE, J., concur.